MARTIN *v.* STATE.

[67 South. 850.]

CRIMINAL LAW. *Trial. Sealed verdict. Dispersal of jury.*
    Where a trial for burglary was concluded Saturday afternoon, and when the case was given in charge to the jury, they were in-

structed by the court, counsel both for the state and defendant agreeing thereto, that in the event they reached a verdict they might deliver it to the clerk in a sealed envelope, and then disperse until Monday morning and the court thereupon adjourned until Monday morning and a verdict was arrived at Saturday afternoon and placed in a sealed envelope and handed to the clerk and the jury dispersed, and on Monday morning all the jurors were present and being polled, each declared upon oath that the sealed verdict was the verdict they had arrived at before separation, such verdict was properly received and entered.

Appeal from the circuit court of Yalobusha county. Hon. L. M. Burch, Special Judge.

Earl Martin was convicted of burglary and appeals. The facts are fully stated in the opinion of the court.

*I. T. Blout,* for appellant.

The court erred in turning the case over to the jury on Saturday evening with instruction to return their verdict to the clerk, and I call especial attention to the action of the court on the next Monday morning. The court should have given a new trial on the misconduct of the jury in returning a verdict in the absence of the defendant, the court having taken a recess on Saturday evening (to attend a baseball game) and allowing the jury to return their verdict to the clerk.

I submit that this court cannot endorse this character of proceedings without bringing court proceedings into disrepute.

*Ross A. Collins,* for the state.

It seems that the case was given to the jury late Saturday afternoon and pursuant to an agreement between the state and appellant's counsel, it was agreed to the reception of the verdict by the clerk in sealed form, same to be given to the court on Monday morning. See page 68, of the record, for this agreement and

also page 63, wherein appears the following statement after the jury had been polled as to their verdict on the following Monday morning: By the court, "Let the record show that the jury returned this sealed verdict by agreement between the court and the attorney for the defendant;" Mr. Blount; "That is correct." The reception of the verdict is a ministerial duty and it was proper for the parties to agree thereto. *Friar v. State,* 3 How. 422; I Morris State Cases, 114. It is quite apparent that the objection here raised in regard to the verdict contravenes an express agreement made by counsel for appellant tacitly assented to by him and it is hard to conceeive his reason for raising it here on appeal unless the facts entitle him to invoke *Sherrod* v. *State,* 47 So. 554, 93 Miss. 774. Appellant's counsel in his brief goes outside of the record and casts a slight aspersion on the action of the court in saying that the court was adjourned for the judge to attend a baseball game but any such allegation, if indeed it would ever be worthy of notice, has no place in the consideration of this court inasmuch as it is *de hors* the record. In conclusion, I submit that no errors were committed by the court and that the appellant had a fair trial, and that the judgment of the court below should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of burglary. We find no reversible error in the record, and deem it necessary to notice specifically only one of the matters complained of.

The trial was concluded Saturday afternoon; and when the case was given in charge to the jury, they were instructed by the court, counsel both for the state and defendant agreeing thereto, that in event they reached a verdict they might deliver it to the clerk in

a sealed envelope, and then disperse until Monday morning. The court thereopon adjourned until Monday morning. A verdict of guilty was arrived at by the jury about five o'clock Saturday afternoon, handed to the clerk in a sealed envelope, and they thereupon dispersed. When the court reconvened Monday morning, all the jurors were present; and, upon the jury's being polled each of them, "severally and upon their oath," stated that the sealed envelope delivered by them to the clerk contained 'the verdict at which each of them had arrived before their separation, each answering separately that it was his verdict. The court thereupon received and entered the verdict, and committed no error in so doing. *Friar* v. *State,* 3 How. 422.

*Affirmed.*

